# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISTRICT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-3 ANDRE WATSON

    Defendant,
_____/

Case No. 2:16-cr-20143

HON. AVERN COHN

## I. BACKGROUND

This is a criminal case involving a murder-for-hire conviction and related drug offenses. Andre Watson (Watson) together with Deaunta Belcher (Belcher) were convicted by a jury for:

1. Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, 18 U.S.C. § 1958,
2. Conspiracy to possess with Intent to Distribute, 21 U.S.C. § 846,
3. Use of a Firearm During and in Relation to a Drug Trafficking Crime Causing Death, 18 U.S.C. §§ 924(c), (j).

Watson has filed a motion seeking acquittal, or in the alternative, a new trial. (Doc. 215). For the reasons stated below, the motion is DENIED.

## II. EVIDENCE AT TRIAL

The government's evidence at trial consisted of, among other things, lay witness testimony, expert testimony, and a surveillance video.

The surveillance video shows the victim, Wallace, sitting inside his car, which was parked alongside a street. A vehicle pulls alongside Wallace and a masked shooter exits the rear passenger side of the vehicle. The masked shooter then draws a

pistol and fires multiple shots into Wallace's car, killing him. The masked shooter gets back into the vehicle and flees the scene.

The government's evidence included witness testimony from three co-conspirators. Two of the co-conspirators testified that Watson was the masked shooter on the surveillance video and that they were in the vehicle that fled the scene at the time of the shooting. A third co-conspirator present at the scene during the killing testified that Watson was an enforcer for Belcher. Multiple witnesses testified that Watson had been hired to kill Wallace. The third co-conspirator also testified about Belcher's drug activities.

The government's expert testified about cell-phone tracking. By tracking the phone activities of Watson and his co-conspirator's, the government's expert was able to corroborate the lay witness testimony by placing Watson's phone in the area at the time of the shooting.

## III.   DISCUSSION
### A. Murder for Hire, 18 U.S.C. § 1958

To obtain a conviction for murder-for-hire, the government was required to prove that Watson (1) used a facility of interstate commerce, (2) with the intent that a murder be committed, and (3) that the murder was committed as consideration for the promise or agreement to pay anything of pecuniary value. U.S. v. Acierno, 579, F.3d 694, 699 (6th Cir. 2009).

Here, the government's evidence shows Watson used his cellular phone, which is an interstate commerce facility, to coordinate the murder of Devin Wallace (Wallace) in exchange for money and valuable property. The evidence at trial was sufficient to

2

permit a reasonable juror to convict Watson for murder-for-hire as all the elements of the crime were satisfied by the government's proofs.

### B. Drug Conspiracy, 21 U.S.C. § 846

"In order to sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must have proved (1) an agreement to violate drug laws . . . ; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy. United States v. Martinez, 430 F.3d 317, 330 (6th Cir. 2005). "[E]xistence of a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." Id. (internal quotations omitted). "[A] defendant's knowledge of and participation in a conspiracy may be inferred from his conduct and established by circumstantial evidence." Id. (citing United States v. Salgado, 250 F.3d 438, 447 (6th Cir. 2001).

Here, the government implicated Watson in Belcher's drug activities on the theory that Watson was an "enforcer." The government's evidence shows that Wallace was murdered for the purposes of furthering Belcher's drug business. The government evidenced contacts between Watson and Belcher that permitted the jury to reasonably infer that Watson had knowledge of, and participated in, Belcher's drug activities. Thus, there was sufficient evidence presented at trial to sustain the jury verdict with respect to the drug conspiracy.

### C. Use of Firearm in Relation to a Drug Trafficking Offense, 18 U.S.C. §§ 924

To sustain the gun offense conviction, the evidence must have established "(1) the commission of a federal crime of violence or drug trafficking; (2) the use or carrying of a firearm during or in furtherance of such a crime; (3) the death of person by the use

of the firearm; and (4) the death was caused by murder as defined in 18 U.S.C. § 1111" U.S. v. Watson, 55 Fed.Appx. 289, 300 (6th Cir. 2003).[1]

Here, the government's evidence was enough to convict Watson of the gun offense charged. It was reasonable for the jury to find that: (1) Watson was guilty of a drug trafficking offense (for the reasons stated above), (2) Watson was in possession of a firearm during and in furtherance of the drug conspiracy offense, (3) Wallace was killed by the use of the firearm, and (4) the death was a murder as defined in 18 U.S.C. § 1111. Thus, there was sufficient evidence to support a conviction under 18 U.S.C. §§ 924(c), (j).

SO ORDERED.

                                                s/Avern Cohn
                                                AVERN COHN
                                                 UNITED STATES DISTRICT JUDGE

Dated: 1/16/2019
Detroit, Michigan

---

[1] "Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing . . . is murder in the first degree." 18 U.S.C. § 1111.